[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a limited contested dissolution matter. The parties are in agreement as to custody and visitation, but disagree on the distribution of assets and the details of the support orders.
The parties were married in 1978 and have two minor children, ages 7 and 10. The court finds it has jurisdiction over the parties and that the marriage has broken down irretrievably. The marriage is dissolved and custody of the children shall be joint, but their primary place of residence shall be with the plaintiff wife. The parties will consult with each other regarding child care decisions, but the plaintiff shall make the final decision in such matters.
In considering the disputed issues in this case, the court has considered the testimony of the parties in the light of46b-81 and 82 of the Connecticut General Statutes.
The plaintiff is awarded all of the defendant's right, title and interest in and to the family residence located at and known as 5 State Street, North Haven, together with the furniture and furnishings on the premises. She shall hold the defendant harmless from any liability for the mortgage and taxes on the property. The defendant is awarded, free and clear of any claim CT Page 2923 of the plaintiff, his SNET Co. pension plan and savings and security plan.
The defendant father shall pay $120 per week as support for each of the two minor children and provide health insurance for their benefit. Section 46b-84c will apply to this coverage. Until the plaintiff mother is employed full time, he shall be responsible for uncovered and unreimbursed expenses. He shall also maintain his SNET life insurance for the benefit of the minor children. The support figure above is pursuant to the support guidelines.
The defendant shall be responsible for the Visa account balance while the plaintiff shall assume the obligations listed on her affidavit, each party holding the other harmless on the obligations so assumed.
The plaintiff shall claim the younger child as a dependent on her tax return and the defendant shall claim the older child on his.
The plaintiff shall retain the Honda and pay the loan balance due thereon while the defendant may retain the Plymouth.
The defendant shall pay to the plaintiff the sum of $120 per week as periodic alimony and $500 on account of her counsel fees.
Anthony V. DeMayo, Judge